**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| PACIFIC INTERNATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH OH et al.,<br><br>Defendant,<br><br>JOSEPH OH,<br><br>Counterclaimant,<br><br>vs.<br><br>PACIFIC INTERNATIONAL BANK, aka PACIFIC INTERNATIONAL BANCORP, INC., its affiliates and successors, WOOSUNG PARK, individually, JAMES ALFRED PRESTON, individually, DAWN MCGINNIS, individually, and JOHN DOES 1-10,<br><br>Defendant(s). | Case No. 111433<br><br>COMPLAINT FOR DAMAGES<br><br>DEFENDANT JOSEPH OH'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES<br><br>COMPARATIVE FAULT<br>BANK FRAUD/FRAUDULENT MISSREPRESENTATION<br>COMPLAINT FOR DAMAGES<br>RACKATEER INFLUENCE AND CORRUPT ORGANIZATION CIVIL REMEDIES<br>INJUNCTIVE RELIEF,TEMPORARY RESTRAINING ORDER<br><br>FRAUDULENT MISPRESENTATION IN THE INDUCEMENT OF THE CONTRACT OR LOAN WITH PACIFIC INTERNATIONAL BANK |

**COMES NOW** Defendant/Counterclaimant Joseph Oh, issues the following Amended Answer to Complaint and **Counterclaim for Damages.**

Counterclaimant Joseph Oh herein references and incorporates the following paragraph 1.1 through 46 of his first Answer to Complaint by Plaintiff Pacific International Bank in State



Joseph Oh
4905 70th Ave W
University Place, WA 98467

Court Case No. 11-2-16009-2 SEA. This counterclaim arises out of Defendant Pacific International Banks et al., actionable conduct in connection with offer and sale of a hotel. Joseph Oh presents the counter complaint in the ongoing statements.

## INTRODUCTION

1. This is a civil action pursuant to Title 18 U.S.C. § 1962 (c) and § 1964 (c) civil causes of action. Counterclaimant Joseph Oh also brings this action under (a) Racketeering Influenced and Corrupt Organizations Act (RICO) (b) fraudulent misrepresentation (c) fraud (d) conversion/theft and (e) injunctionCounterclaimant is seeking recovery and damages directly caused by the unlawful actions of all Defendants.

## JURISDICTION

2. The Court has jurisdiction pursuant to 28 1332 (a) the matter in controversy exceeds $75,000.00, individual Defendants or co-conspirators are residents of Washington State and reside in different countries. Court also has jurisdiction under Title 28 § 1331, federal question exists under constitutional laws of the United States.

## THE PARTIES

3. Defendant Pacific International Bank aka Pacific International Bancorp Inc. is a for profit business entity permitted by the US Office of the Controller of Currency as a limited purpose bank.

4. Joseph Oh is the owner of the Rainier Inn located at 9915 South Tacoma Way Lakewood, WA 98499.

5. Pacific International Bankcorp Inc. is a Washington Corporation.

6. Defendant Woosung Park is the President of Pacific International Bank and a Washington resident.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

7. Defendant James Alfred Preston is a Special Asset Manager at Pacific International Bank and a Washington resident. Defendant Preston was a former employee at First Savings Bank Northwest.

8. Defendant Dawn McGinnis is an employee of the City of Lakewood and works as a Community Service Officer in the City of Lakewood.

9. All Defendants meet the definition of enterprise under RICO as follows: "enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C § 1961 (4). Meeting that definition is not very demanding. Odom v. Microsoft, 486 F.3d 541, 548 (9th Cir. 2007). An associated-in-fact enterprise is defined as "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Trustee, 452 U.S. 576, 583 (1981).

10. Counterclaimant is unaware of the true names and capacity of Defendants sued herein as John Does 1-10 by such fictitious names. Counterclaimant Joseph oh will add their true names and capacities when ascertained by amended complaint.

## FACTS

11. Joseph Oh is the owner/operator of the Rainier Inn Hotel.

12. Joseph Oh's hotel consists of 49 rooms and is a thriving extended stay hotel offering nightly and weekly rates.

13. Joseph Oh has operated his hotel since April 10th 2010.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

14. Defendants began the fraudulent inducement to sell Joseph Oh the hotel on or about November of 2009.

15. Joseph Oh acquired his hotel from Defendant Pacific International Banks orchestrated fraudulent inducement and misrepresented sale on December 3rd 2009.

16. Joseph Oh was approached by Defendant Woosung Park, the President of Defendant Pacific International Bank in November 2009. Woosung Park described and presented the bank controlled hotel property to Joseph Oh as an opportunity and a commercial bargain at a purchase price of two million dollars.

17. The banks controlled property was then called the Budget Inn.

18. The Defendants presented Joseph Oh with accounting records of the Budget Inn showing gross revenues of $550,000.00 per year in sales. Joseph Oh relied on those accounting records in his decision to purchase the hotel.

19. Defendants advised Joseph Oh that he could purchase the hotel for $1,900,000.00, a discount of $100,000.00. The bank stated and advised Joseph Oh this offer was only for his benefit and they would issue a loan to cover the purchase.

20. The Defendant Pacific International Bank and Woosung Park required Joseph Oh pay $100,000.00 non-refundable deposit to bid against two other undisclosed bidders.

21. The Defendants specifically stated and materially verified the property appraise at 2.1 to 2.2 million, Joseph Oh relied on the banks representation of the value and was further induced into purchasing the hotel property for 1.9 million dollars (It was Defendants Park and Bank who set the price of sale). Defendant Pacific International banks sale was conducted to pay off the default loan of the Budget Inn while being unjustly enriched as Joseph Oh was unknowingly over paying for the property.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

22. Defendant Pacific International bank removed the $100,000.00 non-refundable deposit from Joseph Oh's money market account approximately three days before purchase.

23. Joseph Oh was now captive to the Defendants scheme and would suffer a loss of $100,000.00 if he withdrew his commitment.

24. Defendants then fabricated a loan application and Joseph Oh signed as the personal guarantee.

25. Defendants then advised Joseph Oh they could only loan 1,615,000.00, a reduced amount Defendants claimed they could approve him for to purchase subject property.

26. Defendants returned with a loan amount of $1,615,000.00

27. Joseph Oh produced the remaining $285,000.00 and purchased the property at 9915 South Tacoma Way Lakewood, WA 98499 for an inflated price of $1,900,000.00

28. Joseph Oh became the owner of the now named Rainier Inn Hotel.

29. Joseph Oh later learned that he had purchased a substandard hotel and he would be required to invest an additional $250,000.00 before he could even reopen the hotel.

30. Joseph oh approached Defendant Woosung Park after purchasing the hotel and presented the substandard condition of the property to Defendant banks President and Defendant bank.

31. Defendant responded by offering a $250,000.00 loan on a construction loan that would mature in a year on March 1st 2011.

32. Joseph Oh again signed a personal guarantee and received a $250,000.00 construction loan which carried impossible terms of repayment.

33. Joseph Oh questioned the terms and Defendants assured Joseph that once the renovation was complete and when the loan matured for the 250K on March 1st 2011 the



Joseph Oh
4905 70th Ave W
University Place, WA 98467

Defendant Bank would combine the larger loan of $1,615,000.00 with the $250,000.00 loan into one loan with one payment; again Joseph Oh accepted Defendants proposal.

34. Counterclaimant Joseph Oh questioned the bank's ability to do this because previously they had stated $1,615,000.00 was the cap they could lend.

35. Defendants again induced Joseph Oh to continue and stated a refinance will resolve everything and the hotel would far exceed the previous value of 2.1 million stated and revenues of $550,000.00 per year once it was reopened. Defendant Woosung Park again stated the subject property was valued at over 2 million. Defendant Woosung Park falsely represented the value of the hotel unbeknown to Joseph Oh; these statements made by Mr. Park were materially false.

36. Joseph Oh had to complete extensive renovations to bring the hotel up to code to receive proper licensing form the City of Lakewood to open the hotel.

37. The Defendants again encouraged Joseph Oh to continue to upgrade and pour his cash into the hotels construction. Once completed the bank promised a combined loan to cover the larger loan and the smaller loan into one affordable payment; lending Officer Bonny Teernstra also reaffirmed this.

38. Counterclaimant Joseph Oh opened the hotel with success and waited for Defendant Pacific International Bank to make good on the combining of the loans.

39. The promise of the combined loan never materialized and Joseph Oh continued to make his monthly payment as agreed on both the larger loan and the smaller construction loan.

40. On March 1st 2011 the smaller loan of $250,000.00 came due as it matured and was now payable in full.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

41. Joseph Oh requested the Bank make good on their promise to combine the loans, instead Joseph Oh was met with abusive collection actions and unreturned calls from Defendant Bank.

42. Joseph Oh then received weekly harassing phone calls, unscheduled visits from a Bank representative James A. Preston who identified himself as the new bank enforcer of delinquent loans. Defendant Preston repeatedly made unscheduled visits to the hotel and invaded Mr. Oh's right to privacy by discussing Mr. Oh's financial affairs with his employees and Community Service Officer of the City of Lakewood Dawn McGinnis.

43. In approximately March 30th 2011 Joseph Oh received a default notice on his larger loans from Defendant Pacific International Bank. At the time he received the default letter Mr. Oh was eleven days past due on his regularly scheduled payment of $10,405.47. Mr. Oh immediately cured the eleven day default and delivered a check to Defendant Pacific International Bank.

44. In approximately late April Joseph Oh received a reimbursement of the payment of $10,405.47 from Defendant Bank, see **Exhibit A**. Mr. Oh contacted Defendant Bank and was told they will not accept his payments as they are declaring Mr. Oh in default of the larger loan and also the smaller loan.

45. Mr. Oh was then served the state court lawsuit no. 11-2-16009-2 SEA herein incorporated by reference.

46. The state court lawsuit is what revealed Defendants' participation and conspiring unlawful acts against Joseph Oh and his estate.

47. By way of discovery Joseph Oh has learned that Defendant Pacific International Bank has been in possession of an appraisal on the hotel Mr. Oh purchased.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

48. The appraisal demonstrates the Defendant Bank and Mr. Woosung Park have known at all times prior to Mr. Oh purchasing the hotel and post purchase the appraisal value of the hotel is one million three hundred and seventy five thousand $1,375,000.00, see **Exhibit B.**

49. Mr. Oh has knowledge and is reasonably informed that Defendants Pacific International Bank and Mr. Woosung Park knew that value when they fraudulently induced Mr. Oh to purchase the hotel for $1,900.00 and then later participated in the scheme to induce Joseph Oh to borrow and spend another $250,000.00 on renovations.

50. Joseph Oh has knowledge and is reasonably informed that the bank induced him to pay a grossly excessive price for the hotel, Defendant Bank had knowledge the subject property could never appraise at a value more than $1,375,000.00 and the misrepresentation was a scheme to entrap Mr. Oh into a property he could never recover from the extreme price paid, while Defendant Bank is unjustly enriched.

51. Joseph Oh by way of discovery has learned the various documents produced by Defendants were in fact fabricated to demonstrate overstated sales to further induce Mr. Oh to purchase the hotel. Defendant Park presented false profit and loss statements from the previous hotel owner.

52. Joseph Oh by way of discovery alleges and is reasonably informed that the City of Lakewood Officer Dawn McGinnis has (A) given false testimony under oath (B) given false declarations (C) belied concerning her interactions with Defendant PI Banks James Preston and others which gives rise to her as a defendant.

53. Joseph Oh by way of discovery and public disclosure records has learned and is reasonably informed that Defendant Officer Dawn McGinnis and Defendant James Preston have conspired to fabricate a collateral tortuous attack on the Rainier Inn by way of the City of



Joseph Oh
4905 70th Ave W
University Place, WA 98467

Lakewood's police authority. These collaborative and conspiracy acts have violated Joseph Oh's constitutional rights and caused tortuous acts to Mr. Oh's business resulting in loss of income.

54. Defendant Preston and McGinnis have committed the following unlawful acts but not limited to:

**RCW 9.73.030 Intercepting, Recording, or Divulging private communication-consent required.**

**RCW 9.73.050 Admissibility of intercepted communication in evidence.**

**RCW 9.73.060 Violating, right of privacy-civil action-liability for damages.**

55. Defendant McGinnis first issued a Declaration under penalty of perjury on the state court lawsuit dated May 13th 2011 **Exhibit C**.

56. Defendant McGinnis then issued a Second Declaration under penalty of perjury in a City of Lakewood license review which later changed her testimony **Exhibit D**. Defendant McGinnis admitted she had lied in her first declaration. Joseph Oh then learned by way of discovery that the first and second declarations were in fact false declarations under penalty of perjury. A Declaration of Tania V. Leatiota-Fale discredits and impeaches Officer Dawn McGinnis' testimony **Exhibit E**.

57. Joseph Oh has also learned by way of discovery that Defendant Pacific International Bank has numerous orders of civil monetary penalties by way of FDIC, attached as **Exhibit F** is one such finding. Joseph Oh has knowledge that Defendant Pacific International Bank's stock is no longer trading and is what is commonly known as pink slip, see **Exhibit G.** Other discovery of records of Defendant Pacific International Bank shows what is commonly known as loan mirrors, this is a practice by which a financial institution will place its unsafe or



Joseph Oh
4905 70th Ave W
University Place, WA 98467

unsound banking practices ie. loans into a non performing status. Bank examiners are then shown a scenario as if the loan was performing or receiving a modest interest baring profit.

58. Banks are allowed a certain percent of these loans and it allows banking institutions the flexibility to cloak their questionable activity. The loan must be in default to avoid examination. This is a banks highly sophisticated procedure similar to kiting but far more sinister.

59. Joseph Oh alleges his larger loan was moved purposely to avoid its individual examination by Bank examiners exposing the fraud.

60. Public FDIC records also shows that counterfeit checks bearing Pacific International Banks name were in circulation, FDIC: SA-261-2006 this investigation seems to be ongoing and is available for review.

61. The Court should take notice to these facts central to the case as it establishes the character of Defendants banking practices. Further information concerning Defendants bank is available by the FDIC.

62. Counterclaimant Joseph Oh incorporates all proceeding paragraphs in these allegations.

**CLAIM I**
**RICO**

63. The Racketereering Influenced and Corrupt Organizations Act (RICO) makes it a violation of federal law to engage in "racketeering activity." RICO provides:

> It shall be unlawful for any person employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

18. U.S.C. § 1962(c). Section 1964(c) provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation section 1962 of this chapter." "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprises (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property."

64. All Defendants have engaged in "racketeering activity" as defined by the statute 18 U.S.C. § 1961 all Defendants have engaged in predicate acts for the purpose of injury to the estate of Joseph Oh. As a result of all Defendants actions, to include the use of fraudulent representation, collusion with City of Lakewood officers and an ongoing pattern of intimidation, Joseph Oh has an out of pocket loss in excess of $585,000.00.

**CLAIM II**
**FRAUDULENT MISREPRESENTATION**

65. Misrepresentation is a contract law concept. Joseph Oh alleges Defendants have fraudulently misrepresented the value of the subject property (hotel) by failing to disclose its material value. Joseph Oh relied on that representation and as a result has been harmed. Because of Defendants actions Joseph Oh has suffered loss and is entitled to damages. A finding of misrepresentation allows for a remedy of rescission and damages.

**CLAIM III**
**COMPARATIVE FAULT**

66. All Defendants fraudulent misrepresentation shifts their state court claim to comparative fault as a result of Defendants' actions. The damages or claims of Pacific International Bank if any are proximately caused or contributed to by the fault of Pacific International Bank.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

**CLAIM IV**
**FRAUD/SCHEME**

67. All Defendants have participated in a scheme of fraud. The facts clearly demonstrate fraud. The Defendant Woosung Parks representation and the banks misrepresentation of the hotel value establish the nine elements of fraud.

68. Joseph Oh alleges sufficient facts to establish the elements of fraud. In pleading fraud, a party must state with particularity the circumstances constituting the alleged fraud. Fed. R. Civ. P. 9(b). In Washington, the nine elements necessary for actionable fraud are well established: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speakers knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the Plaintiff; (6) Plaintiff's ignorance of its falsity; (7) Plaintiff's reliance on the truth of the representation; (8) Plaintiff's right to rely upon it; and (9) damages suffered by the Plaintiff. *Stiley v. Block*, 130 Wn.2d 486, 504 (1996).

69. As a result of Defendants' fraud Joseph Oh has been harmed and is entitled to damages.

**CLAIM VI**
**CONVERSION/THEFT**

70. Joseph Oh alleges all Defendants have committed an unlawful act of conversion. Conversion is a common law tort, a voluntary act by one person inconsistent with the ownership rights of another. It is a tort of strict liability; its criminal counterpart is theft. The facts demonstrate after the Defendants' misrepresented and induced Joseph Oh into the purchase of the hotel and caused him harm by out of pocket expenses in excess of $500,000.00, defendants then fabricated a default of the loan for the purpose of gaining control of Joseph Oh's personal wealth as well as his hotel operation. Joseph Oh has demonstrated a claim for conversion by an



Joseph Oh
4905 70th Ave W
University Place, WA 98467

element of a voluntary dealing with another's property, inconsistently with their rights Joseph Oh demonstrates a claim of conversion.

**CLAIM VII**
**INJUNCTION/PERMANENT INJUNCTION**

71. Joseph Oh alleges and has demonstrated by the facts that the Court should grant an injunctive relief against all Defendants.

72. The prima facie evidence and the evidence of misconduct are compelling. The Court should therefore be persuaded that Joseph Oh has satisfied the standard for preliminary injunctive relief, namely a likelihood of success on the merits, a likelihood of irreparable harm, a balance of equities tipping in favor of relief, and a weighing of public interest that supports an injunction. See *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

73. Joseph Oh has demonstrated by way of facts that all Defendants are jointly and severally liable and should be further enjoined from any collection action.

**PRAYER FOR RELIEF**

WHEREFORE Joseph Oh prays for relief as follows:

An award in favor of Counterclaimant against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, but including:

a. Rescission and recovery of the consideration paid for the Hotel with interest thereon;

b. Each monetary losses;

c. Permanent injunction enjoining all Defendants from collection actions until the disposition of this case;

d. Attorneys' fees and costs;



Joseph Oh
4905 70th Ave W
University Place, WA 98467

e. Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

74. Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable by jury.

This 30 day of August 2011

Joseph Oh



Joseph Oh
4905 70th Ave W
University Place, WA 98467

# EXHIBIT A

PIBANK Pacific International Bank | Head Office 1155 N. 130th Street, Suite 100 Seattle, WA 98133 (206) 306-7800

022083

REMITTER: HOLLY GLOBAL INVESTMENT

DATE 5/06/11

PAY TO THE ORDER OF JOSEPH S. OH

EXACTLY **10,405 AND 47/100 DOLLARS $ $10,405.47

**CASHIER'S CHECK**

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE EVENT IT IS LOST, MISPLACED OR STOLEN.

AUTHORIZED SIGNATURE

⑈000022083⑈ ⑆125008657⑆ 0150000921⑈

---

PIBANK Pacific International Bank | Head Office 1155 N. 130th Street, Suite 100 Seattle, WA 98133 (206) 306-7800

022083

REMITTER: HOLLY GLOBAL INVESTMENT

DATE 5/06/11

JOSEPH S. OH

EXACTLY **10,405 AND 47/100 DOLLARS $ $10,405.47

CUSTOMER - FILE COPY

**CASHIER'S CHECK**

AUTHORIZED SIGNATURE

**NOT NEGOTIABLE**

# EXHIBIT B

MCAULIFFE & MCMAHON

COLUMBIA VALUATION GROUP, INC. – SEATTLE
*Real Estate Appraisers and Consultants*

2402 Northwest 195th Place
Shoreline, Washington 98177
206-364-8556 (Fax)
206-364-8580

September 27, 2010

Ms. Su Htet
Special Credit Officer I
Pacific International Bank
1155 North 130th Street, Suite 100
Seattle, Washington 98133

Subject Property: *Rainier Inn*
*9915 South Tacoma Way*
*Lakewood, Pierce County, Washington*

CVG File: *10-287*

Dear Ms. Htet:

At your request, we have prepared a self-contained appraisal and valuation analysis to estimate the as is market value of the above referenced real property. The subject consists of the Rainier Inn, an existing 49-room motel constructed in 1941 and renovated throughout its life span. The existing hotel has a gross building area of 17,586 square feet. The facility is constructed on a mostly level at grade commercial parcel containing 1.88 acres, or 81,960 square feet. The subject facility is of average quality and condition and has been in operation since April 2010.

The report conforms with the Uniform Standards of Professional Appraisal Practice; the requirements of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) and revised in 1990, 1994, and 1999; Office of the Comptroller of the Currency, 12 CFR Part 34, Subpart C-Appraisal; and the appraisal guidelines of Pacific International Bank. A copy of your letter of engagement is included in the addendum.

The real property interest appraised is the fee simple estate. The appraisal is subject to the general Certification, Assumptions, and Limiting Conditions as well as specific assumptions and limiting conditions contained in the report. The date of formal inspection was September 22, 2010. The market value of the interest appraised is estimated to be:

**As Is Market Value – September 22, 2010**

**ONE MILLION THREE HUNDRED SEVENTY FIVE THOUSAND DOLLARS**
**$1,375,000**

Allocated as follows: $1,355,000 – Real Property
$20,000 – Personal Property

Respectfully submitted,

COLUMBIA VALUATION GROUP, INC. - SEATTLE

Bruce Terrey, Appraiser

Dustin L. Villers, Appraiser

# EXHIBIT C

FILED

11 MAY 16 AM 10:52

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-16009-2 SEA

Ex Parte Dept.
Show Cause Hearing
May 17, 2011
9:00 a.m.

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| PACIFIC INTERNATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLY GLOBAL INVESTMENT, INC., a Washington corporation; and JOSEPH OH and JANE DOE OH, husband and wife and the marital community composed thereof,<br><br>Defendants. | Cause No.: 11-2-16009-2 SEA<br><br>DECLARATION OF DAWN McGINNIS |

I, Dawn McGinnis, under penalty of perjury, pursuant to the laws of the State of Washington, declare the following as true and correct:

1. I am a Community Service Officer on the City of Lakewood's Community Safety and Resource Team, and have been for the last four years. I have a limited commission with the Lakewood Police Department with the City of Lakewood.

2. As a member of the City of Lakewood Community Safety Resource Team, I have participated in the investigation of Holly Global Investment, Inc.'s Rainier Inn at



HANSON BAKER LUDLOW DRUMHELLER P.S.
2229 - 112th Avenue NE, Suite 200
Bellevue, WA 98004-2936
(425) 454-3374
tgraham@hansonbaker.com

9915 South Tacoma Way SW, Lakewood, Washington 98499. This investigation has spanned one year and recently resulted in the entry of a Notice and Order of Revocation of Business License on or about April 27, 2011. A true and correct copy of the Notice and Order is attached as Exhibit A.

3. During the course of my investigative efforts, I interviewed Holly Global Investment, Inc.'s President, Joseph Oh, regarding the receipt records and other books and records of the Rainier Inn. Mr. Oh told me that he did not have a complete set of the motel's occupancy and receipt record books. He claimed that his occupancy and receipt record books and $9,500 had been stolen by a former employee. He admitted, however, that he had never filed a police report regarding the alleged theft.

4. I later learned that Mr. Oh's statements to me appeared to be incorrect regarding the motel's occupancy and receipt record books.

5. I learned that Mr. Oh had actually hidden a set of these books in a trash can. I then located the books from the trash and made copies for an investigation.

6. I have since compared the purported books provided to me by Mr. Oh with those that I found in the trash and discovered that the books do not match.

7. Specifically, the records provided by Mr. Oh, among other things, indicate lower and shorter guest usage and occupancy at the hotel.

8. The actual occupancy of the motel is very important to our team's investigation of the hotel. First, it bears on the truthfulness of Mr. Oh, as owner.

9. It also bears on Holly Global's compliance with the conditional business license that was granted to the Rainier Inn by the City of Lakewood on April 9, 2010.



HANSON BAKER LUDLOW DRUMHELLER P.S.
2229 - 112th Avenue NE, Suite 200
Bellevue, WA 98004-2936
(425) 454-3374
tgraham@hansonbaker.com

Condition #2 d. states: "Motel patrons will be allowed to stay in a room for a maximum of thirty days, as stated under state laws applicable to transient accommodation businesses."

10. The books and records that I was directed to in the trash at the Rainier Inn clearly indicate that patrons paid for and were allowed to stay in rooms in excess of thirty days in violation of the conditional business license.

11. The Community Safety Resource Team of the City of Lakewood is continuing in its investigation.

Dated this 13th day of May, 2011, at Lakewood, Washington.

Dawn McGinnis





HANSON BAKER LUDLOW DRUMHELLER P.S.
2229 - 112th Avenue NE, Suite 200
Bellevue, WA 98004-2936
(425) 454-3374
tgraham@hansonbaker.com

# EXHIBIT D

Ex Parte Dept.
Show Cause Hearing
May 17, 2011
9:00 a.m.

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| PACIFIC INTERNATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLY GLOBAL INVESTMENT, INC., a Washington corporation; and JOSEPH OH and JANE DOE OH, husband and wife and the marital community composed thereof,<br><br>Defendants. | Cause No.: 11-2-16009-2 SEA<br><br>DECLARATION OF DAWN McGINNIS |

I, Dawn McGinnis, under penalty of perjury, pursuant to the laws of the State of Washington, declare the following as true and correct:

1. I am a Community Service Officer on the City of Lakewood's Community Safety and Resource Team, and have been for the last four years. I have a limited commission with the Lakewood Police Department with the City of Lakewood.

2. As a member of the City of Lakewood Community Safety Resource Team, I have participated in the investigation of Holly Global Investment, Inc.'s Rainier Inn at





HANSON BAKER LUDLOW DRUMHELLER P.S.
2229 - 112th Avenue NE, Suite 200
Bellevue, WA 98004-2936
(425) 454-3374
tgraham@hansonbaker.com

9915 South Tacoma Way SW, Lakewood, Washington 98499. This investigation has spanned one year and recently resulted in the entry of a Notice and Order of Revocation of Business License on or about April 27, 2011. A true and correct copy of the Notice and Order is attached as Exhibit A.

3. During the course of my investigative efforts, I interviewed Holly Global Investment, Inc.'s President, Joseph Oh, regarding the receipt records and other books and records of the Rainier Inn. Mr. Oh told me that he did not have a complete set of the motel's occupancy and receipt record books. He claimed that his occupancy and receipt record books and $9,500 had been stolen by a former employee. He admitted, however, that he had never filed a police report regarding the alleged theft.

4. I later learned that Mr. Oh's statements to me appeared to be incorrect regarding the motel's occupancy and receipt record books.

5. I learned that Mr. Oh had ~~actually hidden~~ a set of these books in a trash can. I then located the books from the trash and made copies for an investigation.

6. I have since compared the purported books provided to me by Mr. Oh with those that I found in the trash and discovered that the books do not match.

7. Specifically, the records provided by Mr. Oh, among other things, indicate lower and shorter guest usage and occupancy at the hotel.

8. The actual occupancy of the motel is very important to our team's investigation of the hotel. First, it bears on the truthfulness of Mr. Oh, as owner.

9. It also bears on Holly Global's compliance with the conditional business license that was granted to the Rainier Inn by the City of Lakewood on April 9, 2010.



HANSON BAKER LUDLOW DRUMHELLER P.S.
2229 - 112th Avenue NE, Suite 200
Bellevue, WA 98004-2936
(425) 454-3374
tgraham@hansonbaker.com

Condition #2 d. states: "Motel patrons will be allowed to stay in a room for a maximum of thirty days, as stated under state laws applicable to transient accommodation businesses."

10. The books and records that I was directed to in the trash at the Rainier Inn clearly indicate that patrons paid for and were allowed to stay in rooms in excess of thirty days in violation of the conditional business license.

11. The Community Safety Resource Team of the City of Lakewood is continuing in its investigation.

Dated this 13th day of May, 2011, at Lakewood, Washington.

Dawn McGinnis



HANSON BAKER LUDLOW DRUMHELLER P.S.
2229 - 112th Avenue NE, Suite 200
Bellevue, WA 98004-2936
(425) 454-3374
tgraham@hansonbaker.com

# EXHIBIT E

**SUPERIOR COURT OF WASHINGTON**
**FOR KING COUNTY**

| | |
|---|---|
| PACIFIC INTERNATIONAL BANK,<br><br>Plaintiff,<br><br>Vs.<br><br>HOLLY GLOBAL INVESTMENT, INC., a Washington corporation; and JOSEPH OH and JANE DOE OH, husband and wife and the marital community composed thereof<br><br>Defendants. | Cause No. 11-2-16009-2 SEA<br><br>DEFENDANT RESPONSE TO SUMMARY JUDGMENT<br><br>DECLARATION: **Tania V. Leatiota-Fale** |

I, Tania V. Leatiota-Fale, swear under penalty of perjury and pursuant to the laws of the States of Washington, that the foregoing is true and correct.

1. I am employed at the Rainier Inn located at 9915 South Tacoma Way, Lakewood, WA 98499. I maintain the front intake desk; I have access to all customer information, President Joseph Oh's bank statements, the hotel registers, and other confidential business records of the Rainer Inn from the period of February 1, 2011 to August 5th, 2011. I was told by Community Service Officer of the City of Lakewood Police Department Dawn McGinnis that the city felt that Rainier Inn was a problem hotel and she wanted it shut down.

2. Dawn McGinnis asked me to copy the Rainier Inn and Joseph Oh's documents, take customer inventory ledgers, and record Joseph Oh's conversations.



Joseph Oh
4905 70th Ave W
University Place, WA 98467

3. Dawn McGinnis asked me to copy all documents and deliver to the City of Lakewood Police Department for her to review. I delivered documents as told to Dawn McGinnis at the city of Lakewood office.

4. I have been doing these acts for the city during the entire time frame stated.

5. I did what Dawn McGinnis told me to do because I did not want to oppose the direction of City law enforcement.

6. I never told Joseph Oh, Owner of Rainier Inn that I was doing these acts.

I certify and declare under penalty of perjury of the laws of the state of Washington that the foregoing testimony is true and correct to the best of my knowledge and belief.

Dated this 23 day of August 2011

[signature]
Tania V. Leatiota-Fale



Joseph Oh
4905 70th Ave W
University Place, WA 98467

# EXHIBIT F

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

| | |
|---|---|
| In the Matter of<br><br>PACIFIC INTERNATIONAL BANK<br>SEATTLE, WASHINGTON<br><br>(INSURED STATE NONMEMBER BANK) | ORDER TO PAY<br>CIVIL MONEY PENALTY<br><br>Docket FDIC-09-359k |

Pacific International Bank, Seattle, Washington ("Bank"), having been advised of its right to receive a NOTICE OF ASSESSMENT OF CIVIL MONEY PENALTY, FINDINGS OF FACT AND CONCLUSIONS OF LAW, ORDER TO PAY, AND NOTICE OF HEARING ("NOTICE OF ASSESSMENT") issued by the Federal Deposit Insurance Corporation ("FDIC") detailing the violations for which a civil money penalty may be assessed against the Bank pursuant to the Flood Disaster Protection Act of 1973 ("Flood Act"), as amended, 42 U.S.C. § 4012a, section 8(i)(2) of the Federal Deposit Insurance Act ("FDI Act"), 12 U.S.C. § 1818(i)(2), and Part 339 of the FDIC Rules and Regulations, 12 C.F.R. Part 339 ("Part 339"), and has been further advised of its right to a hearing on the charges under the Flood Act, 42 U.S.C. § 4012a(f)(4), and Part 308 of the FDIC's Rules of Practice and Procedure, 12 C.F.R. Part 308.

Having waived those rights, the Bank entered into a STIPULATION AND CONSENT TO THE ISSUANCE OF AN ORDER TO PAY CIVIL MONEY PENALTY ("CONSENT AGREEMENT") with a representative of the Legal Division of the FDIC, whereby solely for the purpose of this proceeding and without admitting or denying any violations, the Bank consented and agreed to pay a civil money penalty in the amount of $3,740 related to the violations of the

Flood Act and Part 339. The FDIC has reason to believe that the Bank has violated the Flood Act and Part 339 in that:

(a) the Bank violated 12 C.F.R.§ 339.3(a) by failing to secure at origination flood insurance on 7 of 23 loans secured by improved real estate located in special flood hazard areas;

(b) the Bank violated 12 C.F.R.§ 339.3(a) by failing to obtain sufficient flood insurance on 3 of 23 loans secured by improved real estate located in a special flood hazard area; and

(c) the Bank violated 12 C.F.R. § 339.3(c) by failing to provide notice to the borrower within a reasonable time that the collateral was located in a special flood hazard area on 7 of 23 loans.

After taking into account the CONSENT AGREEMENT, the appropriateness of the penalty with respect to the financial resources and good faith of the Bank, the gravity of the violations by the Bank, the history of previous violations by the Bank, and such other matters as justice may require, the FDIC accepts the CONSENT AGREEMENT and issues the following:

ORDER TO PAY CIVIL MONEY PENALTY

IT IS HEREBY ORDERED that Pacific International Bank, Seattle, Washington, be, and hereby is, assessed a civil money penalty of $3,740, pursuant to the Flood Act, 42 U.S.C. § 4012a, section 8(i)(2) of the FDI Act, 12 U.S.C. § 1818(i)(2), and Parts 308 and 339 of the FDIC Rules and Regulations, 12 C.F.R. Parts 308 and 339. The Bank shall pay the civil money penalty to the Treasury of the United States. This ORDER TO PAY CIVIL MONEY PENALTY shall be effective upon issuance.

Pursuant to delegated authority.

Dated at San Francisco, California, this 13th day of October, 2009.

/s/
Stan Ivie
Regional Director
Division of Supervision and Consumer Protection
San Francisco Region
Federal Deposit Insurance Corporation

# EXHIBIT G

August 17, 2011
3:43 am

# PIBW PACIFIC INTERNATIONAL BANCOR

## Company Description

Pacific International Bancorp, Inc. is a bank holding company owning or controlling one or more banks.

## Basic Stock Information ( Pink-Slip )

### Stock Data

| | | | | | |
|---|---|---|---|---|---|
| Currency | USD | Current Shares Outstanding | 4.020 | SIC Code | N.A. |
| SIC Name | NOT TRADING | Primary Exchange Name | OTC BB | Fiscal Year End | 12/2010 |
| BICS Industry Group | Banks | Security Type | Common Stock | Equity Float | 4.0200 |
| Number of Employees | N.A. | Transfer Agent | | Company Telephone Number | 206-306-7900 |
| Company Fax Number | 206-206-7999 | Company Web Address | www.pibank.com | Company Auditor | N.A. |
| Country of Incorporation | US | State of Incorporation | | Est P/E Curr Year | N.A. |
| 52 Week High | 3.92 | 52 Week Low | 1.61 | 52 Week High Date | 08/18/10 |
| 52 Week Low Date | 06/14/11 | Last Price | 2.50 | Price Change Year To Date Net | -1.40 |
| Price Change Year To Date Percent | -35.897 | Short Interest | N.A. | Price Earnings Ratio (P/E) | N.A. |
| Current Market Cap | 10.05 | | | | |

### Dividends

| | | | | | |
|---|---|---|---|---|---|
| Gross 5yr Growth Rate | | Dividend Indicated Yld - Gross | 0.0000 | Dividend 12 Month Yld - Gross | N.A. |
| Dividend Ex Date | | Dividend Per Share Last Net | | Dividend Type | |

### Earnings

| | | | | | |
|---|---|---|---|---|---|
| Latest Full Earnings Report Date | N.A. | Est EPS Curr Year | N.A. | Est EPS Curr Year Date | N.A. |
| BEst Est PEG Ratio Curr Year | N.A. | BEst Est Long Term Growth | N.A. | Trailing 12M Earnings Per Share | N.A. |

### Identifier

| | | | | | |
|---|---|---|---|---|---|
| Cusip (8 Chars Only) | 69444Q20 | Sedol1 Number | B1GYZV8 | ISIN Number | US69444Q2003 |
| Common Number | N.A. | NAICS Code | N.A. | Primary Exchange MIC | XOTC |

PAPER OUT OF GERMANY

## Ratio Information

### Issue Data

| | |
|---|---|
| Last Price USD | 2.50 |
| Market cap. | 10.05 |

### Per Share Data

| | |
|---|---|
| *Basic EPS bef XO | .00 |
| ~Current Shares Outstand | 4.02 |

**PIBW** **PACIFIC INTERNATIONAL BANCOR**

August 17, 2011
3:43 am

## Additional Stock Information

**Index Member Weights**

| | |
|---|---|
| BFDICBHC | 0.00 |

**Shareholder Information**

| | |
|---|---|
| Last Pub Offer Date | N.A. |
| Last Pub Offer # of Shares | N.A. |
| Last Pub Offer Lead Mgr | N.A. |
| Instit Owner # of Buyers | N.A. |
| Instit Owner # of Sellers | N.A. |
| Instit Owner # of Holders | N.A. |
| Instit Owner # of Shares Held | N.A. |
| Instit Owner % Shares Out | N.A. |
| Initial Pub Offer Share Price | N.A. |

## Revenue and Earnings Information

## Revenue Segmentation

GEOGRAPHIC SEGMENTS NOT REPORTED BY COMPANY

Board of Governors of the Federal Reserve System
Federal Deposit Insurance Corporation
Office of the Comptroller of the Currency

**Federal Financial Institutions Examination Council**

1

# Consolidated Reports of Condition and Income for A Bank With Domestic Offices Only - FFIEC 041

| | |
|---|---|
| Institution Name | **PACIFIC INTERNATIONAL BANK** |
| City | **SEATTLE** |
| State | **WA** |
| Zip Code | **98133** |
| Call Report Quarter End Date | **6/30/2011** |
| Report Type | **041** |
| RSSD-ID | **3071083** |
| FDIC Certificate Number | **57246** |
| OCC Charter Number | **0** |
| ABA Routing Number | **125008657** |
| Last updated on | **7/27/2011** |

Advanced Search

Each depositor insured to at least $250,000 per insured bank

Home > Industry Analysis > Bank Data & Statistics > Institution Directory Home

Institution Directory | Bank Holding Cos. | Find All Institutions | Offices | Advanced Features | ID Map and Definitions | Disclaimer and Notes | ID Help

Key demographic information as of September 1, 2011

**Pacific International Bank**
1155 North 130th Street
Seattle,WA 98133

| | | | |
|---|---|---|---|
| FDIC Certificate #: | 57246 | Date Established: | 11/15/2001 |
| Bank Charter Class: | Federal Reserve Non-member | Date of Deposit Insurance: | 11/15/2001 |
| Primary Federal Regulator: | Federal Deposit Insurance Corporation | More Demographic Information | |
| Primary Internet Web Address: | http://www.pibank.com:80/ | Generate History | |

Information Gateway

**ID Report Selections:** Assets and Liabilities

**Report Date:** June 30, 2011

Generate Report

**More Information**

- Current List of Offices
- Compare to Peer Group(s)
- FFIEC Call/TFR Report ***6/30/2011 Latest Available***
- FFIEC Uniform Bank Performance Report (UBPR)
- FDIC/OTS Summary of Deposits
- Bank Holding Company Ownership and Affiliates
- Regional Economic Conditions (FDIC RECON)
- Organization Hierarchy from the Federal Reserve System
- FDIC CRA ratings
- Consumer Assistance from Primary Federal Regulator

Press for description

Questions, Suggestions & Requests

Home | Contact Us | Search | Help | SiteMap | Forms
Website Policies | Privacy Policy | USA.gov | FDIC Office of Inspector General
Freedom of Information Act (FOIA) Service Center | FDIC Open Government Webpage | No FEAR Act Data